**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **DENNIS GROSSMAN, pro se,** | : | **CIVIL ACTION** |
| **Plaintiff** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **LAWRENCE GROSSMAN, et al.,** | : | |
| **Defendants** | : | **No. 08-5528** |

**MEMORANDUM AND ORDER**

Pratter, J.                                                    February 23, 2009

Family financial fights rarely shine a flattering light on anyone.  This dispute is unlikely

to prove to be an exception.  This Court, however, declines a ringside seat to this brotherly battle,

but, instead, grants the Defendant brother's motion to dismiss the claim due to the unambiguous

language of the trust agreement at issue.

Dennis Grossman[1] brought suit against his brother and co-trustee, Lawrence Grossman,

and Thomas J. Judge, the recorder of deeds of Delaware County, Pennsylvania,[2] alleging that

---

[1] Plaintiff Dennis Grossman is an attorney licensed to practice law in both Florida and
New York, but sues here as a *pro se* plaintiff because he is not licensed in Pennsylvania.  He
describes himself in his Complaint as "an experienced federal litigator."  Compl. ¶ 18.

[2] Plaintiff Grossman has not filed proof of service upon Mr. Judge, and no attorney has
made an appearance on behalf of Mr. Judge.  Further, the Complaint includes no specific
allegations of wrongdoing by the Recorder of Deeds.  It is clear from the Complaint that it does
not matter for purposes of Mr. Judge's responsibilities where the underlying dispute is resolved.
Mr. Judge's only involvement appears to involve the recording of the disputed deed, and the only
issue concerning Mr. Judge is whether or not the present property deed remains valid at the end
of this litigation and, thus, may be kept in the property records of Delaware County,

1

Defendant Grossman engaged in various activities contrary to the terms of a revocable trust that was created by Florence Grossman, the brothers' mother, in Florida in 1997 ("Grossman Trust"). Plaintiff Grossman seeks various relief, including the invalidation of a deed for real property held in the Grossman Trust, an accounting of the trust account, and damages for allegedly improper diversion of funds from the trust. Such claims will require interpretation of the Grossman Trust Agreement and consideration of Defendant Grossman's actions as a trustee under that governing document.

Defendant Grossman has moved to dismiss all claims in order to enforce the forum selection clause in the underlying Grossman Trust. For the reasons set forth below, Defendant Grossman's Motion is granted.

## I.       FACTUAL BACKGROUND

Florence Grossman, Plaintiff and Defendant's mother, was a citizen of Florida who, in 1997, created the Grossman Trust, an inter-vivos trust. Complaint ¶¶ 3, 6. See Compl., Ex. 1 ("Grossman Trust Agreement"). Upon her death on March 3, 2008, the trust became irrevocable. Dennis and Lawrence Grossman are the only trustees, and they are equal beneficiaries of the trust. Id. ¶ 17.

Plaintiff Grossman summarizes his claims by alleging that "this is a dispute between 2 brothers concerning ownership of trust-owned real estate in this District and what appears to be the improper diversion of trust funds and other funds maintained at accounts in this District." Compl. ¶ 12. Plaintiff Grossman alleges that Defendant Grossman "has been exercising control

Pennsylvania.

2

of the trust accounts and other accounts" and "has not been forthcoming in providing information concerning the accounts under his control."  Id. ¶ 19.  He maintains that Defendant Grossman unilaterally executed and filed a deed for certain real property in Pennsylvania in violation of the Grossman Trust.  Id.

The Grossman Trust Agreement contains the following provision: "This Agreement shall be construed, enforced and regulated in all respects by the laws of the State of Florida and in the Courts of the State of Florida."  Compl. Ex. 1, Art. I.B.[3]


## II.   DISCUSSION

### A.      Standard of Review

A Rule 12(b)(6) motion to dismiss tests the sufficiency of a complaint. Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  Rule 8 of the Federal Rules of Civil Procedure requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007) (quoting Conley, 355 U.S. at 47).  While a complaint need not contain detailed factual allegations, the

---

[3] Defendant Grossman asserts that this clause is both a choice of law clause and a forum selection clause.

Plaintiff Grossman argues that this clause is solely a choice of law clause because this section of the Grossman Trust Agreement is titled "Laws Governing."  Resp. at 6.  In making this assertion, he ignores Article VIII of the Grossman Trust Agreement, which states, "The paragraph and article headings used herein are for convenience only and shall not be resorted to for interpretation of this Trust."  Compl., Ex 1.  Plaintiff Grossman also engages in an undirected grammatical analysis of the sentence, arguing that "in the Courts of the State of Florida" modifies "laws" and refers to case law.  Resp. at 7.  Such an argument is specious and contradicts the plain meaning of the sentence.  The sentence clearly indicates both choice of law and choice of forum.

plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 1964-65 (citations omitted). Specifically, "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . ." Id. at 1965 (citations omitted).

To make such a determination, courts "must only consider those facts alleged in the complaint and accept all of those allegations as true." ALA, Inc. v. CCAIR, Inc., 29 F.3d 855, 859 (3d Cir. 1994) (citing Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)). See also Twombly, 127 S. Ct. at 1965 (stating that courts must assume that "all the allegations in the complaint are true (even if doubtful in fact)"). The Court also must accept as true all reasonable inferences that may be drawn from the allegations, and view those facts and inferences in the light most favorable to the non-moving party. Rocks v. Philadelphia, 868 F.2d 644, 645 (3d Cir. 1989). The Court, however, need not accept as true "unsupported conclusions and unwarranted inferences," Doug Grant, Inc. v. Greate Bay Casino Corp., 232 F.3d 173, 183-84 (3d Cir. 2000) (citing City of Pittsburgh v. West Penn Power Co., 147 F.3d 256, 263 n.13 (3d Cir. 1998)), or the plaintiff's "bald assertions" or "legal conclusions." Morse v. Lower Merion Sch. Dist., 132 F.3d. 902, 906 (3d Cir. 1997).

To evaluate a motion to dismiss, the Court may consider the allegations contained in the complaint, exhibits attached to the complaint, matters of public record and records of which the Court may take judicial notice. See Tellabs, Inc. v. Makor Issues & Rts., 127 S. Ct. 2499, 2509 (2007); Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir. 1993).

4

B.     Analysis

Defendant Grossman asserts that the Court should dismiss this action pursuant to the forum selection clause in the Grossman Trust Agreement.  "When the parties' agreement contains a valid forum selection clause designating a particular forum for settling disputes arising out of their contract, 12(b)(6) dismissal is a permissible means of enforcing that forum selection clause."  Kahn v. American Heritage Life Ins. Co., 2006 U.S. Dist. LEXIS 45749, at *9 (E.D. Pa. June 29, 2006) (citing Salovaara v. Jackson Nat'l Life ins. Co., 246 F.3d 289, 298 (3d Cir. 2001)).  "A motion to dismiss an action in order to give effect to a forum selection clause is in practical effect an application for specific performance of that contractual provision."  Coastal Steel Corp. v. Tilghman Wheelabrator, Ltd., 709 F.2d 190, 194 (3d Cir. 1983).

Plaintiff Grossman argues that the Court should not dismiss the case under Rule 12(b)(6) pursuant to the forum selection clause because (1) this is an *in rem* action that must be litigated within this district, the district where the real property lies, and (2) even if this action is not a local action, 28 U.S.C. § 1404(a) prohibits transfer or dismissal of the action.  See Resp. at 4-6, 8-17.

First, Plaintiff Grossman asserts that because this action involves a piece of real property located within this district, the case must be litigated here.  Resp. at 4 (quoting FDIC v. Greenberg, 487 F.2d 9, 12 n.9 (3d Cir. 1973) ("As a suit to set aside the transfer of specific [real] property, FDIC's action is local in nature.")).  Plaintiff Grossman does seek to vacate a deed to real property in Delaware County, Pennsylvania, to quiet title in such property and for ejectment of Defendant Grossman from such property.  See Compl., Counts 1-5, 8, 9.  However, just because a claim involves property does not make it *in rem*.  For example, a partition action "is

5

not an action *in rem*...; it is an action against the parties named, and, though the recovery and partition of real estate are sought, that does not change its character as a personal action." Freeman v. Alderson, 119 U.S. 185, 190 (1886).

Here Plaintiff Grossman has not brought suit *against* any real property. Rather, he has sued his brother as an individual, as a trustee and beneficiary of the Grossman Trust, and as attorney-in-fact for Ms. Grossman. He has sued for alleged breaches of the Grossman Trust Agreement and statutory duties related to the trust, and Plaintiff Grossman's Complaint primarily seeks transitory relief, not relief related to any property. Compare Compl., Counts 1-5, 8, 9 with Counts 6, 7, 10-12. As Defendant Grossman notes, "[i]f Plaintiff's action were an action instituted 'against the thing' as Black's [Law Dictionary] defines *in rem*, the action would be instituted against the Grossman Revocable Trust, which was formed and whose situs is in Florida." Reply at 3-4.

Second, Plaintiff Grossman argues that even if the Court finds that the case is not *in rem*, the factors under 28 U.S.C. § 1404(a)[4] prohibit a change of venue of the case or its dismissal. Plaintiff Grossman bases his argument on Stewart Organization, Inc. v. Ricoh Corp., 487 U.S. 22 (1988), a case involving a defendant's application for transfer pursuant to 28 U.S.C. § 1404(a). However, the Court may consider whether 28 U.S.C. § 1404(a) applies only if a transfer to another federal court is appropriate under the forum selection clause at issue. See Feldman v. Google, Inc., 513 F. Supp.2d 229, 244 (E.D. Pa. 2007) ("if transfer is the appropriate remedy, the

---

[4] "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a).

court must then consider whether 28 U.S.C. § 1404(a) or§ 1406 applies.")[5] However, transfer is not available when the forum selection clause specifies a non-federal forum.  Id.

In seeking to avoid transfer to another federal court, Plaintiff Grossman implicitly asserts that transfer would be an option under the Trust Agreement's forum selection clause, which refers to "the Courts of the State of Florida.  See Compl. Ex. 1, Art. I.B.  However, as Defendant Grossman notes in his Reply, even though federal courts may be physically located in a state, federal courts are not courts of a state.  See HEM Research, Inc. v. E.I. Dupont De Nemours & Co., 1990 WL 7429, at *1,3,5 (E.D.PA. Jan. 20, 1990) (accepting that "courts of the state of Delaware" meant only Delaware state courts); Am. Soda LLP v. U.S. Filter Wastewater Group, Inc., 428 F.3d 921, 925-26 (10th Cir. 2005) (holding that "Courts of the State of Colorado" meant only Colorado state courts, not federal courts located in Colorado); Dixon v. TSE Int'l, Inc., 330 F.3d 396, 398 (5th Cir. 2003) (holding that "Courts of Texas, U.S.A." meant only Texas state courts).  Compare De Lage Landen Fin. Servs. v. Mid-American Healthcare LP, 2008 U.S. Dist. LEXIS 63954, at *5 (E.D. Pa. Aug. 20, 2008) (discussing a forum selection clause reading "the Courts of the Commonwealth of Pennsylvania or the Federal District Court for the Eastern District of Pennsylvania").  Accordingly, the language in the Grossman Trust Agreement "Courts of the State of Florida" refers only to Florida state courts, not federal courts located within the physical boundaries of Florida, and transfer to another federal court would not be appropriate under this specific forum selection clause.  Thus, the Court will consider Defendant Grossman's arguments under Rule 12(b)(6), rather than a request for transfer pursuant to 28 U.S.C. § 1404(a).

---

[5] Neither party seeks transfer under 28 U.S.C. § 1406, which allows for dismissal or transfer of "a case laying venue in the wrong division or district."  Accordingly, the Court will not consider that statutory provision.

Forum selection clauses are "*prima facie* valid and should be enforced unless enforcement is shown by the resisting party to be unreasonable under the circumstances." M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 10 (1972).  "It is axiomatic that parties to a contract may select, in advance of litigation, the forum and the law under which their disputes will be settled." Banc Auto. Inc. v. Dealer Servs. Corp., 2008 U.S. Dist. LEXIS 67514, at *6 (E.D. Pa. Aug. 28, 2008).  For this reason, as stated above, forum selection clauses are treated as general contract provisions and, thus, "subject to ordinary rules of contract interpretation." Id.  But in the federal courts, they are "entitled to great weight and are presumptively valid." Id.

Because the "right to specific performance of a forum selection clause is not absolute," in considering whether to enforce such a clause, "a court having subject matter jurisdiction must weigh competing considerations." Coastal Steel, 709 F.2d at 196.  "The threshold question is whether [a] court should [] exercise[] its jurisdiction to do more than give effect to the legitimate expectations of the parties, manifested in their freely negotiated agreement, by specifically enforcing the forum clause." M/S Breman, 407 U.S. at 12.  A court should enforce a valid forum selection clause unless it finds that such a clause is unreasonable because: (1) the formation of the clause was induced by fraud or overreaching; (2) the plaintiff would be deprived of his day in court; or (3) the enforcement of the provision would contravene public policy.  Kahn, 2006 U.S. Dist. LEXIS 45749, at *11-12 (citing M/S Breman, 407 U.S. at 15, 18).  See also Coastal Steel, 709 F.2d at 202 ("[A] forum selection clause is presumptively valid and will be enforced by the forum unless the party objecting to its enforcement establishes" one of the three problematic factors.)

Defendant Grossman argues that none of the three factors makes the express forum

selection clause unreasonable in this case. First, Defendant Grossman argues that Plaintiff Grossman has made no allegation of fraud or overreaching in his Complaint. Rather, Plaintiff Grossman simply ignores the forum selection clause. Of course, inasmuch as the clause at issue was never the subject of negotiation between the brothers in the first place, but rather was the product of their mother's choices in creating the Trust in the first instance, even if that were not so, Plaintiff Grossman "cannot argue that unequal bargaining power existed between [himself] and Defendant Grossman or that [he] lacked knowledge or sophistication" because his own Complaint states that he is "an attorney admitted to practice law in both New York and Florida...competent to proceed as plaintiff pro se because he is an experienced federal litigator." Resp. at 5-6 (quoting Compl. ¶ 18).

Second, Defendant Grossman asserts that Plaintiff Grossman would not be deprived of his day in court if he is required to file this action in a Florida state court. "A dismissal and re-filing in Florida simply changes the situs of the courtroom, it does not affect Plaintiff's ability to have a day in court." Motion at 6. Plaintiff Grossman argues that litigating the case in Florida would impose extra expense on him because he resides in New York and rarely travels to Florida. Resp. at 13-14. He asserts that the non-party witnesses, including a real estate broker and certain brokerage employees, are employed in this district. Id. at 15. Finally, Plaintiff Grossman notes that both he and Defendant Grossman live closer to this Court than to Florida. Id. at 16.

Inconvenience and increased cost do not automatically render a forum selection clause unreasonable. See De Lage Landen Fin. Servs. v. Rasa Floors, LP, 2008 U.S. Dist. LEXIS 91427, at *17 (E.D. Pa. Nov. 4, 2008); Feldman v. Google, Inc., 513 F.Supp.2d 229, 247 (E.D.

Pa. 2007) (quoting <u>Cent. Contracting Co. v. Maryland Casualty Co.</u>, 367 F.2d 341, 344 (3d Cir. 1966)).  Arguments about added expense or the location of certain witnesses are simply not sufficient to override a legitimate forum selection clause.

Third, Defendant Grossman argues that public policy will not be contravened if Plaintiff Grossman is required to seek redress in a Florida court.  The Grossman Trust was created by a resident of Florida and explicitly requires that Florida law be used to construe, enforce and regulate the trust.  The trust requires that Florida courts handle any litigation involving the trust. The trustees, Plaintiff and Defendant Grossman, are signatories to the Grossman Trust Agreement, which contains these provisions.  As Defendant Grossman asserts, "public policy will be served by having this dispute litigated in the courts of Florida," particularly because the laws of Florida apply.  Resp. at 7 (citing <u>Feldman.</u>, 513 F.Supp.2d at 247 (It is "consistent with public policy of this forum to enforce the forum selection clause in order to give force to the parties' agreement.")) Finally, Plaintiff Grossman is a licensed Florida attorney, which suggests that he is at least as well prepared to litigate in the courts of the State of Florida as he is as a *pro se* plaintiff in this district.

**III.**    **CONCLUSION**

For the reasons set forth above, the Court will grant Defendant Grossman's Motion to Dismiss without prejudice to Plaintiff Grossman to refile in the courts of the state of Florida in accordance with the Grossman Trust Agreement's forum selection clause.


BY THE COURT:


_____     S/Gene E.K. Pratter
                                      GENE E.K. PRATTER
                                      UNITED STATES DISTRICT JUDGE

11

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **DENNIS GROSSMAN, pro se,** | : | **CIVIL ACTION** |
| **Plaintiff** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **LAWRENCE GROSSMAN, et al.,** | : | |
| **Defendants** | : | **No. 08-5528** |

<u>**ORDER**</u>

AND NOW this 23rd day of February 2009, upon consideration of Defendant

Grossman's Motion to Dismiss (Doc. No. 2), Plaintiff Grossman's Response (Doc. No.5),

Defendant Grossman's Reply (Doc. No. 6), and Plaintiff Grossman's Sur-Reply (Doc. No. 7), IT

IS HEREBY ORDERED that the Motion is GRANTED, and Plaintiff's Complaint is

DISMISSED without prejudice to Plaintiff Grossman to refile in the courts of the state of Florida

in accordance with the Grossman Trust Agreement's forum selection clause .

BY THE COURT:

_____       S/Gene E.K. Pratter
                                       GENE E.K. PRATTER
                                       UNITED STATES DISTRICT JUDGE

12